**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINO BELLUOMINI ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> CITIGROUP INC ET AL., <br><br> Defendants. | No. C 13-01743 CRB <br><br> **ORDER GRANTING MOTION TO DISMISS** |

In this suit, Plaintiffs Dino Belluomini and Susan Flaherty, owners of Stella Pastry Café and Victoria Pastry Co., Inc., (collectively "Plaintiffs"), seek to hold Defendants Wells Fargo Bank, N.A., Citigroup, Inc. and Citibank, N.A., (collectively "Defendants") responsible for the financial misdeeds of Giuseppe Viola. Because Plaintiffs fail to state a claim despite having been given leave to amend, the Court grants Defendants' motions to dismiss with prejudice.

**I.     BACKGROUND[1]**

This case involves an alleged ponzi scheme run by Viola. Plaintiffs allege that Viola issued cashier's checks containing Plaintiffs' names to his "investors," and that he did so by accessing Plaintiffs' accounts without their knowledge or consent. See FAC (dkt. 37) ¶¶ 16-32. In April 2013, Plaintiffs brought suit against Defendants, alleging breach of contract, negligence, negligent infliction of emotional distress, invasion of privacy in violation of the

---

[1] The Court provided a more detail background in its July 23, 2013 Order ("Order") (dkt. 34).

California Constitution, and common law invasion of privacy. See generally Not. of Removal (dkt. 1) Ex. 1. On July 23, 2013, the Court granted Defendants' first motions to dismiss, permitting Plaintiffs to amend only the breach of contract and invasion of privacy claims. See generally Order at 13. Plaintiffs filed the FAC on August 14, 2013, asserting only those claims. See generally FAC. Defendants again move to dismiss. See generally WF Mot. (dkt. 38); Citi Mot. (dkt. 41).

## II.  LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). While "detailed factual allegations" are not required, a complaint must include sufficient facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

For purposes of ruling on a Rule 12(b)(6) motion to dismiss, the district court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the plaintiffs. Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). The district court need not, however, accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); accord Iqbal, 129 U.S. at 687.

## III.  DISCUSSION

Defendants' motions raise three issues: (A) the basis for holding Citigroup liable; (B) the viability of the breach of contract claim; and (C) the viability of the invasion of privacy claims. This Order addresses each issue in turn.

//

2

### A.   Citigroup

Citigroup and Citibank argue first that Citigroup is not liable for the actions of its subsidiary, Citibank.  See Citi Mot. at 3-4.  The Court explained in its Order that "there are two exceptions to the rule that a parent corporation is not liable for the acts of its subsidiaries" – when either the alter ego doctrine or an agency relationship applies.  Order at 2 n.1.  The Court found that "Plaintiffs [had] not sufficiently pled that one or both of these exceptions" applied, but allowed Plaintiffs leave to amend.  Id.

The FAC does not mention either exception and provides no basis for holding Citigroup liable.  Nor do Plaintiffs even address this argument in their Opposition brief.  Their claims against Citigroup are therefore waived.  See Qureshi v. Countrywide Home Loans, Inc., No. 09-4198, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (deeming plaintiff's failure to address, in opposition brief, claims challenged in a motion to dismiss, an "abandonment of those claims") (citing Jenkins v. City of Riverside, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)).

The Court finds Citigroup not liable.

### B.   Breach of Contract

Next, all Defendants argue that Plaintiffs continue to fail to state a claim for breach of contract.  Citi Mot. at 4; WF Mot. at 4.  The Court held in its Order that the original complaint omitted essential allegations about the contracts at issue, the alleged breach, and Plaintiffs' damages.  Order at 6.  The Court further explained that the complaint failed to point to specific terms of the contracts, failed to plead with any particularity the overt acts Defendants engaged in that breached the contracts (never even identifying "the dates of any of the transactions they mention in their complaint" or "any specific checks written against their accounts"), and never identified any damages actually caused by Defendants, as opposed to Viola.  Id. at 6-7.  Although Plaintiffs have added some allegations about the

//
//
//

contracts, see FAC ¶¶ 13, 24,[2] their allegations about breach and about damages continue to fall short.

As to breach, Plaintiffs still do not identify any withdrawals from their accounts, or checks written against their accounts.[3] Plaintiffs contend that "these facts are not needed to show that there was a breach by Defendants," and that "[a] breach can occur merely by granting access to accounts to someone who is not authorized to have access." Opp'n at 5; see also id. ("Plaintiffs allege that the breach occurred when the bank gave impermissible access to Plaintiffs' accounts to a third party"). This might be so if Plaintiffs had identified a term of the contract that prohibited "access," but they have not done so. Instead they point to language about withdrawals and deposits. See FAC ¶ 13. The terms of the contract and the allegations of breach do not match up.[4]

As to damages, Plaintiffs allege that "Plaintiffs were . . . implicated into an investigation as a result of this breach, which in turn resulted in Plaintiff expending over $125,000 in money to defend against this claim." FAC ¶ 36. This is the same allegation of damages that the Court found insufficient as to the original complaint. See Order at 7 ("these damages are related to Plaintiffs' dealings with Viola, not any action of Defendants. Indeed, if no funds were ever withdrawn from Plaintiffs' accounts to pay for the cashier's checks, then Plaintiffs have not suffered any damages due to the actions of Defendants.").

For both of these reasons, Plaintiffs fail to state a claim for breach of contract.

//

---

[2] Citigroup and Citibank argue that these allegations are still insufficient. Citi Mot. at 4. The Court disagrees. See, e.g., FAC ¶ 13A ("The terms of the contract with Citibank regarding withdrawals states that Citibank may refuse a request for withdrawal or transfer from an account for a variety of reasons," including "if Citibank has not received documents or identification required to permit access to the account. . .").

[3] Presumably this is because there were no withdrawals. Rather, Viola's scheme appears to have involved laundering money by depositing investors' money into Plaintiffs' accounts without Plaintiffs' knowledge, and then having the Defendants issue cashier's checks to him, which he distributed to investors. See FAC ¶¶ 18-20, 29

[4] To the extent that Plaintiffs assert, in their Opposition, a breach of a promise not to disclose information about account holders, see Opp'n at 4-5, that theory is not pled in the FAC, see FAC ¶ 36 (describing breach as allowing third party access to accounts). Even if it were in the FAC, however, Plaintiffs have not demonstrated damages from such a breach.

4

**C. Invasion of Privacy**

Finally, Defendants argue that Plaintiffs still fail to state a claim for invasion of privacy, either based on the California Constitution or common law. Citi Mot. at 6; WF Mot. at 7. The Court noted in its Order that "both [bases] set a high bar for an invasion of privacy claim," as a constitutional claim requires "an egregious breach of the social norms underlying the privacy right," and a common law claim requires an intrusion "highly offensive to a reasonable person." Order at 10-11 (internal citations omitted). The Court concluded that Plaintiff's claims, premised on Defendants' permitting Viola "access" to Plaintiffs' accounts and divulging Plaintiffs' "information" to Peter Scott, another third party, failed to state a claim. Id. ("Given that disclosure of individual's social security numbers does not constitute an 'egregious breach,' it certainly cannot be the case that disclosure of contact information constitutes an 'egregious breach.'"). There was substantial support for that conclusion. See, e.g., Ruiz v. Gap, Inc., 540 F. Supp. 2d 1121, 1127-28 (N.D. Cal. 2008) (theft of laptop containing personal information, including social security number, not an egregious breach); In re iPhone Application Litig., 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (same as to unique identifier number, personal data, geolocation information).

The FAC still only complains about Wells Fargo's provision of Susan Flaherty's "address and identity" to a third party, and Defendants' allowing Viola "access" to Plaintiffs' accounts. See FAC ¶¶ 42, 48. These allegations are not meaningfully different from those in the original complaint and therefore fail to state a claim.

Accordingly, Plaintiffs fail to state a claim for invasion of privacy.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS the motions and, as Plaintiffs have already had an opportunity to address these same problems, dismisses the case with prejudice. See Leadsinger, Inc. v. BMG Music Publ'g., 512 F.3d 522, 532 (9th Cir. 2008)

//
//
//

5

(leave to amend shall be denied if allowing amendment would be futile).

**IT IS SO ORDERED.**

Dated: October 15, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

6